UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DYLAN J. KOHLHOFF,

    Plaintiff,

v.                                                                                      Case No. 19-C-687

DIRK LARSEN, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Dylan Kohlhoff, who is currently housed at Waushara County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has paid an initial partial filing fee of $2.00. The plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges that on May 9, 2018, Nurse Dirk Larsen confronted him in an aggressive manner, stated "I'm sick of your stupid requests," and yelled at him for filing "petty grievances." Dkt. No. 1 at 2. Plaintiff excused himself from the Health Services Unit (HSU) and told Larsen that he was being unprofessional. Larsen followed Plaintiff into the hallway and continued to yell at Plaintiff. Captain Robert Kumholtz intervened, and Plaintiff returned to his pod. Shortly thereafter, Correctional Officer William Roehl told Plaintiff to return to HSU. Roehl sat in HSU and allowed Plaintiff to be confronted by Larsen.

2

THE COURT'S ANALYSIS

Plaintiff asserts that Nurse Dirk Larsen violated his First and Eighth Amendment rights when he yelled at Plaintiff for filing petty grievances. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Although Nurse Larsen may have been rude and unprofessional when he yelled at Plaintiff, Larsen's conduct, standing alone, does not rise to the level of a First Amendment or Eighth Amendment violation. Therefore, these claims will be dismissed.

Plaintiff claims that Correctional Officer William Roehl violated his First and Eighth Amendment rights when he allowed Larsen to yell at him because Plaintiff had filed grievances against Roehl in the past. To state a retaliation claim, the plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). In this case, Plaintiff has not alleged that he suffered a deprivation that would likely deter First Amendment activity in the future. Accordingly, Plaintiff's claims against Roehl will be dismissed.

Plaintiff also alleges that Captain Robert Kumholtz and Lieutenant Heather Wittig failed to properly supervise Larsen and Roehl. Section 1983 does not provide a cause of action against an individual based upon his supervisory role over another person. *See Odogba v. Wis. Dep't of Justice*, 22 F. Supp. 3d 895, 909 (E.D. Wis. 2014) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 657, 699 n.58 (1978); *McKinnon v. City of Berwyn*,

750 F.2d 1383, 1390 (7th Cir. 1994)). A defendant will only be liable under § 1983 if the conduct causing the deprivation "occurs at his discretion or with his knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Plaintiff cannot state a claim that Kumholtz and Wittig were indifferent to the misconduct of their subordinates because Larsen and Roehl did not engage in misconduct that caused a constitutional violation. Therefore, Plaintiff's failure to supervise claims will be dismissed.

Plaintiff also seeks to challenge the Jail's grievance procedure. He asserts that Wittig, Curtis Olsen, and Jeffrey Nett implemented a poor grievance policy and failed to train staff on how to properly handle inmate complaints. Plaintiff has no constitutional right to a grievance procedure and has no constitutional right to have an existing grievance procedure properly administered by jail staff. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"). Accordingly, Plaintiff's claims that Wittig, Olsen, and Nett implemented an improper grievance policy will be dismissed.

Plaintiff also names the Waushara County Sheriff's Department as a defendant. The Sheriff's Department is not suable entity under § 1983. *See Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997)). Accordingly, the Waushara County Sheriff's Department will be dismissed as a defendant.

Finally, Plaintiff asserts a claim against Correct Care Solutions. In evaluating § 1983 claims against a private healthcare provider, courts apply the "policy and custom" standard articulated in *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). *See Gayton v. McCoy*, 593

F.3d 610, 622 (7th Cir. 2010). To state a claim against Correct Care Solutions, Plaintiff must identify a concrete policy or custom that caused the alleged constitutional violation. Although Plaintiff alleges that Correct Care Solutions does not supervise its employees, this conclusory allegation is not supported by any mention of a policy that caused a constitutional deprivation of his rights. Accordingly, Plaintiff may not proceed on his claim against Correct Care Solutions.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Dkt. No. 4) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $348.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Green Bay, Wisconsin this  30th  day of May, 2019.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.